(81 South. 855)

BENJAMIN v. STATE. (3 Div. 337.)

(Court of Appeals of Alabama. April 8, 1919. Rehearing Denied June 3, 1919.)

1. CRIMINAL LAW ⊜⇒753(2)—VARIANCE—AFFIRMATIVE CHARGE.

Variance between allegations of indictment and proof does not entitle defendant to affirmative charge.

2. CRIMINAL LAW ⊜⇒338(4, 5)—EVIDENCE—RES INTER ALIOS ACTA.

In prosecution for larceny and for receiving stolen property, evidence that those who had stolen the property attempted to employ another drayman before employing defendant to haul the property was inadmissible, being res inter alios acta.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Zach Benjamin was convicted of larceny, and he appeals. Affirmed.

The goods were laid as to title in the Louisville & Nashville Railroad Company, and the contention is that the title should have been laid in the United States government or William G. McAdoo, Director General.

The defendant was indicted under an indictment containing two counts; the first for grand larceny, the second for receiving stolen property; and upon the trial there was a general verdict of guilty.

Tilley & Elmore and Brassell & Brassell, all of Montgomery, for appellant.

J. Q. Smith, Atty. Gen., and Richard Evans, Asst. Atty. Gen., for the State.

SAMFORD, J. [1] The first contention of the defendant—that he is entitled to the affirmative charge on account of a variance between the allegations and the proof—has been decided adversely to the defendant in the case of Frank S. Vaughn v. State, ante, p. 35, 81 South. 417.

[2] The only other contention of the appellant is that the court committed error in refusing to permit the defendant on the trial to prove that, prior to the employment of the defendant by John Henry Smith and Luke Smith to haul the stolen property, the two Smiths went to the house of the witness, whose business was that of a public drayman, and asked him to come haul a load for them; that this drayman could not do it on account of being sick in bed, and that thereupon they asked where the defendant lived, and then left, going in that direction. What possible relevancy this testimony could have to the issue as to whether the defendant was guilty of larceny or of receiving stolen property is more than this court can comprehend. It is clearly res inter alios acta. It is wholly immaterial whether the two Smiths implicated in the theft attempted to employ another drayman as well as the defendant. Non constat both the defendant and the other drayman might have had a guilty knowledge of the nefarious traffic being carried on by the Smiths, Vaughn et al.

There is no error in the record, and the judgment is affirmed.

Affirmed.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 200 Ala. 397.